UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DAVID GARNER,**
**BRIAN OSTOS,**
**ALEJANDRO OSORIO**,
**and JOSEPH QUINN**

    Plaintiffs,

vs.                                      CASE NO:  21-cv-2027

**THE DESTIN FIRE CONTROL DISTRICT**

    Defendant.
_____/

## COMPLAINT FOR UNPAID OVERTIME

Plaintiffs, David Garner, Brian Ostos, Alejandro Osorio and Joseph Quinn ("Plaintiffs"), by and through undersigned counsel, hereby sue Defendant, THE DESTIN FIRE CONTROL DISTRICT, a Florida PUBLIC MUNICIPAL CORPORATION ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Plaintiffs are, or were, residents of Okaloosa County, Florida, within the jurisdiction of this Honorable Court and worked for Defendant in Okaloosa County, Florida when employed by Defendant.

3. The Defendant was at all times material hereto conducting its fire safety and related activities within the jurisdiction of the District Court of the Northern District of Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce and subject to the provision of the FLSA.

4. This action is brought by Plaintiffs to recover from Defendant unpaid overtime wages, unpaid wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq* and s. 448.08, Florida Statutes.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce and was otherwise covered by the provisions of the FLSA.  Defendant and Plaintiff were bound by a Collective Bargaining Agreement which provided for the payment of certain wage and overtime pay.  At all times pertinent to this Complaint, the Defendant operates as a municipal corporation and public agency providing (among other things) emergency medical services, rescue response services, fire control services and fire prevention services.

6. Upon information and belief, the Defendant's annual gross funding as a local governmental agency was at all times material hereto in excess of $500,000.00 per annum.  In addition, Defendant purchases supplies and equipment (such as boats and vehicles) which have travelled in interstate commerce.

7.　　Defendant is and was, during all times hereafter mentioned, a "public agency" as defined in §3(s)(1)(C) of the FLSA, 29 U.S.C. §203(s) and is subject to the FLSA.

8.　　The Defendant is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly involved in decisions affecting employee compensation and hours worked by the Plaintiffs.  Plaintiffs are, or were, "employees" of Defendant within the meaning of the FLSA.

## COUNT I – UNPAID OVERTIME WAGES AGAINST DEFENDANT

9.　　Plaintiffs re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 8 above.

10.　　During the material time period Plaintiffs were employed as firefighters, Emergency Medical Technicians, water rescue personnel and similar positions and performed services as same on behalf of the Defendant.  Plaintiff David Garner was employed by Defendant from on, or about, September 14, 2020 through June 22, 2021.  Plaintiff Brian Ostos was employed by Defendant from on, or about, September 1, 2020 through June 30, 2021.  Plaintiff Alejandro Osorio was employed by Defendant from on, or about, December 29, 2020 through July 29, 2021.  Plaintiff Joseph Quinn was employed by Defendant from on, or about, August 20, 2020 through October 31, 2021.

11.     During the material time period Plaintiffs were paid on an hourly basis as set forth in the collective bargaining agreement ("CBA") and also paid fixed compensation per pay period for having certain credentials such as being an "Open Water Rescuer."  This payment is called an "Incentive" under the CBA.

12.     Plaintiffs were licensed to work as firefighters by the State of Florida at the time they were hired by Defendant.  This license allowed Plaintiffs to fight fires, use the "jaws of life" to extract people from damaged vehicles, use ropes to perform their jobs, and work in confined spaces, among other tasks.  Plaintiffs were periodically required and directed to participate in training programs to enhance their skills to perform their jobs with Defendant.  This training, however, was not mandated by the State of Florida to perform their jobs.  This training was mandated by the CBA.  These training programs typically took place during normal business hours and the cost of the training was paid for by Defendant.  Plaintiffs would be paid for their time attending these training programs if they fell on days they were scheduled to work.  If the training program fell on a day they were not scheduled to work, they would receive no additional pay for attending the program.

Plaintiffs did not perform any productive work while attending these training sessions.  Failure to participate in these training programs could result in Plaintiffs' termination from employment with Defendant.   These training programs were selected and scheduled by Defendant.  These training programs were not run by

independent bona fide institutions of learning; but rather contractors who were hired by Defendant to provide the training.  These trainers would typically travel to the Destin, Florida area to specifically provide training at the request of Defendant.

13. Plaintiffs were not paid for the time they attended mandatory training sessions when these sessions took place on days they were not otherwise scheduled to work.  As a result, this time spent in training sessions was not included in the overtime pay calculation and Defendant underpaid the overtime pay due in these pay periods.  Such failure to include time spent in these training sessions in the overtime pay calculation is a violation of the Fair Labor Standards Act.  If the training took place on a day the Plaintiffs were scheduled to work, they would receive pay while attending training.

14. Defendant failed to keep accurate time records of all the hours worked by Plaintiffs in violation of 29 CFR §516 because the time spent in mandatory training sessions on days Plaintiff was not scheduled to work was not accurately recorded.

15. Defendant intentionally and willfully failed to pay Plaintiffs' overtime wages and Defendant had knowledge of Plaintiffs' training schedules and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant was aware of their obligation to pay overtime pay because it is contained in the collective bargaining agreement governing the work relationship between

Plaintiff and Defendant. Defendant was similarly aware of its obligation to pay overtime as a result of pending litigation from other firefighters for unpaid overtime. Defendant did not act in good faith when they refused and failed to pay appropriate overtime. Defendant was sued on July 20, 2020 by other firefighters claiming unpaid overtime under virtually identical circumstances, but the Defendant did not change their pay policy. *See Jensen v The Destin Fire Control District*, Case No. 3:20-cv-05661-RV-HTC.

16. Defendant remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs are entitled to recover double damages.

17. Plaintiff has retained the law firm of Sean Culliton, Esq., LLC to represent him and has incurred attorneys' fees and costs in bringing this action.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiffs have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

18. Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable.

Respectfully submitted on November 11, 2021.

   /s/Sean Culliton
Sean Culliton, Esq.
FBN: 0986232
E-mail: sean@seancullitonlaw.com
Sean Culliton, Esq., LLC
285 John Knox Road
Tallahassee, FL 32303
Phone: (850)385-9455
Facsimile: (813)441.1999
Counsel for Plaintiff